IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-202-D

GRACE CHRISTIAN LIFE, a registered )
student organization at North Carolina State )
University, )
                Plaintiff, )
  )
     v. )       **ORDER and**
  )       **PRELIMINARY INJUNCTION**
W. RANDOLPH WOODSON, Chancellor of )
North Carolina State University, in his )
official and individual capacities; )
WARWICK A. ARDEN, Provost and )
Executive Vice Chancellor, in his official )
and individual capacities; TJ WILLIS, )
Associate Director of University Student )
Centers, in his official and individual capacities; )
MIKE GIANCOLA, Associate Provost, in )
his official and individual capacities, )
  )
                Defendants. )

       On April 26, 2016, plaintiff filed its verified complaint seeking injunctive, declaratory and monetary relief for the violation of its constitutional rights. See [D.E. 1]. On April 26, 2016, plaintiff filed a motion for preliminary injunction challenging defendants' Non-Commercial Solicitation Policy contained within University REG 07.25.12 entitled "Solicitation." See [D.E. 4]; see also [D.E. 26-4] Ex. 3 (copy of policy). On May 23, 2016, defendants responded in opposition. See [D.E. 25]. On May 31, 2016, plaintiff replied. See [D.E. 27]. On Thursday, June 2, 2016, the court held a hearing and considered the arguments of plaintiff and defendants concerning plaintiff's motion for a preliminary injunction. On June 3, 2016, each side made a supplemental submission.

       Having considered the entire record and governing law, the court hereby issues the following order:

1. For purposes of this order and preliminary injunction, the court adopts the factual allegations in paragraphs 1–129 of plaintiff's verified complaint as its own findings of fact. See [D.E. 1] ¶¶ 1–129.

2. The court has considered plaintiff's request for a preliminary injunction under the governing standard. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Plaintiff has established that (1) it is likely to succeed on the merits of its claim that North Carolina State University's Non-Commercial Solicitation policy (including the permit requirement in the policy) facially violates the First Amendment; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of the equities tips in plaintiff's favor; and (4) a preliminary injunction is in the public interest. See Cox v. City of Charleston, 416 F.3d 281, 283–87 (4th Cir. 2005); see also Ward v. Rock Against Racism, 491 U.S. 781, 799–803 (1989); Widmar v. Vincent, 454 U.S. 263, 267 n.5 (1981); Niemotko v. State of Md., 340 U.S. 268, 271–72 (1951); Bowman v. White, 444 F.3d 967, 972–73, 978–83 (8th Cir. 2006); Centro Tepeyac, 722 F.3d at 188–92; Knowles v. City of Waco, 462 F.3d 430, 436 (5th Cir. 2006); ACLU v. Mote, 423 F.3d 438, 444 (4th Cir. 2005).

3. Defendants are enjoined from requiring any student, student group, or off-campus guest sponsored by a student or student group to obtain a permit for Non-Commercial Solicitation as currently required by University REG 07.25.12 entitled "Solicitation" on the North Carolina State University campus, except that defendants may apply current University Housing Facilities restrictions on Non-Commercial Solicitation to (A) require non-residents to obtain a permit before distributing leaflets, brochures, or other written material in University Housing Facilities, and (B)

2

prohibit door-to-door solicitation in University Housing Facilities.

4. This order shall not prohibit defendants from prohibiting any student, student group, or off-campus guest sponsored by a student or student group from engaging in Non-Commercial Solicitation on campus which (1) substantially disrupts University activities and functions; (2) violates any other applicable University policies; (3) obstructs building entrances, walkways, rights-of-way, or vehicular or pedestrian traffic on or adjacent to campus; or (4) interferes with educational activities, meetings, events, or ceremonies or with other essential processes of the University.

5. Defendants shall not impose restrictions on any forms of Non-Commercial Solicitation because of the content or viewpoint of the expression or the possible reaction to the expression. See Thomas v. Chi. Park Dist., 534 U.S. 316, 323–24 (2002).

6. This order shall remain in place until further order of this court.

7. No bond is required.

SO ORDERED. This _4_ day of June 2016.

James C. Dever

JAMES C. DEVER III
Chief United States District Judge